IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No._____ |
| JOHN H. POFFENBARGER and<br>MARY F. POFFENBARGER<br>10703 Coppermine Rd<br>Woodsboro, MD 21798 | : | |
| Defendants | : | |

COMPLAINT FOR MONEY JUDGMENT
AND POSSESSION OF CHATTEL

COMES NOW, the United States of America, by the Honorable Rod J. Rosenstein, United States Attorney, and Larry D. Adams Assistant United States Attorney, for the District of Maryland, and complains against the defendants as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 7 U.S.C. § 1981.

2. The plaintiff is the United States of America, acting through the Farm Service Agency ("FSA"), United States Department of Agriculture, with an office at 339 Busch's Frontage Road, Suite 104, Annapolis, Maryland 21409.

3. Defendants John H. Poffenbarger and Mary F. Poffenbarger are adult individuals whose last known address is 10703 Coppermine Road, Woodsboro, Maryland 21798.

4. On or about April 4, 2008, Defendant John H. Poffenbarger borrowed the sum of $15,000.00 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C.

§ 1921, *et seq*. The loan is evidenced by a Promissory Note of that same date. A copy of the Promissory Note is attached hereto as Exhibit A.

5. The loan was secured by chattels as evidenced by a Security Agreement dated April 4, 2008 and executed by Defendant John H. Poffenbarger and Defendant Mary F. Poffenbarger. This Security Agreement covers all farm equipment, livestock and crops as more fully described in the Security Agreement, which is attached hereto as Exhibit B.

6. In order to perfect FSA's security interest in the collateral described in Exhibit B, Defendant John H. Poffenbarger and Defendant Mary F. Poffenbarger executed and delivered to FSA a financing statement, which was filed on or about March 28, 2008, in the financing records of the Maryland State Department of Assessments and Taxation, a copy of which is attached hereto as Exhibit C.

7. FSA has a valid, perfected, first priority security interest in all of the items described in Exhibit B.

8. Defendant John H. Poffenbarger has failed or refused to repay the loan evidenced by Exhibit A, and is therefore in default under the aforesaid Promissory Note and Security Agreement. His indebtedness for this loan was accelerated on March 29, 2010. The acceleration notices are attached hereto as Exhibits D and E, respectively.

9. Under the terms of the Security Agreement attached hereto as Exhibit B, upon default "Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such times and places as designated by Secured Party, and (b) waives all notices, exemptions, compulsory position and redemption rights."

10. Upon information and belief, Defendant John H. Poffenbarger and Defendant Mary F. Poffenbarger are in possession of the collateral described in Exhibit B without the consent of

FSA. They have previously and wrongfully refused to turn over said collateral to FSA.

11. FSA is entitled to have immediate possession of all collateral described in Exhibit B, and to sell said collateral and apply the proceeds thereof to reduce the aforesaid loan indebtedness.

12. The balance due and owing FSA on account of the aforesaid loan as of September 12, 2012, is $14,742.62 in principal, and $1,154.01 in interest, for a total of $15,896.63, and accruing interest thereafter at the daily accrual rate of $1.3127. A certified statement of indebtedness is attached hereto as Exhibit F.

WHEREFORE, the United States demands the following:

1. Judgment against Defendant John H. Poffenbarger in the amount of $15,896.63, plus interest at the daily accrual rate of $1.3127 to the date of judgment, and interest at the legal rate thereafter until the date of payment.

2. An order requiring Defendant John H. Poffenbarger and Defendant Mary F. Poffenbarger to make available all farm equipment, livestock and crops and permitting FSA to take possession of the collateral and to dispose of it in accordance with the terms of the Security Agreement and the Uniform Commercial Code; that the net proceeds of said sale be applied first towards the payment of the costs of said sale and then towards the payment of FSA's judgment; and that FSA have and retain a deficiency judgment against Defendant John H. Poffenbarger in the event that the net sale proceeds, exclusive of costs, are less than the sum of FSA's entire judgment.

3. The costs of this action; and

4. Such other and further relief as the Court deems just.

Respectfully submitted,

UNITED STATES OF AMERICA

Rod J. Rosenstein
United States Attorney

_____/s/_____
Larry D. Adams, Bar No. 03118
Assistant U.S. Attorney
36 South Charles Street, 4th Floor
Baltimore, Maryland 21201
410-209-4800